# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-1389

_____

| | | |
|---|---|---|
| In re: Laclede Steel Company, | * | |
| | * | |
| Debtor. | * | |
| | * | |
| _____ | * | |
| | * | |
| Laclede Steel Company, | * | Appeal from the United States |
| | * | Bankruptcy Appellate Panel. |
| Appellee, | * | |
| | * | [UNPUBLISHED] |
| v. | * | |
| | * | |
| Concast Canada, Inc., | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: September 9, 2002

Filed: September 23, 2002

_____

Before LOKEN, FAGG, and RILEY, Circuit Judges.

_____

PER CURIAM.

Laclede Steel Company (Laclede) filed for bankruptcy protection and sought to avoid preferential transfer payments totaling $74,851 recently made to Concast Canada, Incorporated (Concast). Concast replied the payments were made in the ordinary course of business, thus were not avoidable preferential transfers. The

bankruptcy court found the ordinary course of business exception did not apply, and Laclede could avoid the payments. Concast appealed and the Bankruptcy Appellate Panel (BAP) affirmed. Concast Canada, Inc. v. Laclede Steel Co. (In re Laclede Steel Co.), 271 B.R. 127 (B.A.P. 8th Cir. 2002). Concast now appeals to this Court. Having reviewed the bankruptcy court's findings of fact for clear error and conclusions of law de novo and deferring to the BAP's conclusions, we affirm. Gateway Pac. Corp. v. Expeditors Int'l of Wash., Inc. (In re Gateway Pac. Corp.), 153 F.3d 915, 917 (8th Cir. 1998).

Section 547(b) of the Bankruptcy Code provides that transfers made by the debtor during the ninety-day period before a bankruptcy petition was filed may be avoided as a "preference." 11 U.S.C. § 547(b) (2000). Avoidance may be prevented if three criteria are proved by a preponderance of the evidence: (A) the transfer paid a debt that was incurred in the ordinary course of business; (B) the transfer was made in the ordinary course of business between the debtor and the transferee; and (C) the transfer was made according to ordinary business terms. 11 U.S.C. § 547(c)(2) (2000); Gateway, 153 F.3d at 917. The only issue on appeal is whether the transfer was made in the ordinary course of business between Laclede and Concast. 11 U.S.C. § 547(c)(2)(B).

Because no precise legal test exists, resolution of the ordinary course of business issue requires a peculiarly factual analysis. Harrah's Tunica Corp. v. Meeks (In re Armstrong), 291 F.3d 517, 527 (8th Cir. 2002); Gateway, 153 F.3d at 917. The challenged transactions are within the ordinary course of business if the transfers made during the preference period were consistent with other transfers made during the history of Laclede's relationship with Concast. Id. As the bankruptcy court and BAP opinions point out, although Concast routinely accepted late payments from Laclede, the challenged transfers were "excrutiatingly late." During the year before the preference period, the average late period was 52 days, and the latest payment was 70 days late. In contrast, the payments made during the preference period were each

177 days late, which is a 237% increase in lateness of payments during the preference period. Because the extent of the delay in payments is not consistent with Laclede's ordinary delay in paying Concast, the bankruptcy court and BAP correctly determined the payments made during the preference period were not made in the ordinary course of business and thus were avoidable. <u>Gateway</u>, 153 F.3d at 918. We see no need to address Concast's arguments under the four-factor test from <u>Sulmeyer v. Suzuki (In re Grand Chevrolet)</u>, 25 F.3d 728, 732 (9th Cir. 1994). The test Concast urges us to adopt is not controlling law in this Circuit nor is it helpful to the disposition of this case.

We affirm for the reasons stated by the bankruptcy court and the BAP. <u>See</u> 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.